**In the United States District Court
for the District of Kansas**

---

Case No. 22-cv-01198-TC

---

DELEANA A.,[1]

*Plaintiff*

v.

KILOLO KIJAKAZI,
ACTING COMMISSIONER OF SOCIAL SECURITY

*Defendant*

---

**MEMORANDUM AND ORDER**

Deleana A. claims she is disabled and cannot work. Doc. 1 at ¶ 10. She seeks review of a decision of the Commissioner of Social Security denying her supplemental security income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1385. *Id.* at 1–2. For the following reasons, the Commissioner's final decision is affirmed.

**I**

**A**

**1.** Federal district courts have jurisdiction, upon timely request, to review the Commissioner's final administrative decisions. 42 U.S.C. § 1383(c)(3) (referencing 42 U.S.C. § 405(g)). These cases require a careful review of the record to determine whether "substantial evidence supports the factual findings and whether the [administrative law judge] applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016) (citing *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007)). Evidence in support of a finding is substantial

---

[1] Plaintiff will be referred to only by first name followed by initials in order to protect her privacy. *See* Joseph M. v. Kijakazi, No. 22-1065, 2023 WL 2241526, at *5 (D. Kan. Feb. 27, 2023).

if "a reasonable mind might accept [it] as adequate to support a conclusion," and therefore must be "more than a mere scintilla." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The mere fact that two inconsistent conclusions could be drawn from the evidence does not make a failure to address one of the possibilities reversible error. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

Still, the ALJ's findings must demonstrate that the ALJ "consider[ed] all relevant medical evidence in making [] findings." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citing *Baker v. Bowen*, 886 F.2d 289, 291 (10th Cir. 1989)). Likewise, the ALJ must explain how "material inconsistencies and ambiguities in the evidence were considered and resolved." *Preston Lee R. v. Saul*, No. CV 20-1154-JWL, 2021 WL 1840057, at *4 (D. Kan. May 7, 2021) (citing SSR 96-8p, West's Soc. Sec. Reporting Serv., Rulings 149 (Supp. 2020)). Nevertheless, the legal standard on review is a deferential one. District courts do not reweigh the evidence or try the issues de novo. *Grogan v. Barnhart*, at 1262 (10th Cir. 2005) (internal citations omitted).

**2.** To evaluate an application for SSI on the basis of disability, the Commissioner uses a five-step sequential analysis. 20 C.F.R. § 416.920(a)(4); *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." *Wilson*, 602 F.3d at 1139 (quoting *Lax*, 489 F.3d at 1084). The claimant bears the burden of proof for the first four steps, but the Commissioner does for the fifth. *Hackett v. Barnhart*, 395 F.3d 1168, 1171 (10th Cir. 2005). In the first three steps, the Commissioner determines whether the claimant has engaged in substantial gainful activity since the alleged onset of the disability, whether the claimant has any severe impairments, and whether the severity of any of those impairments meets or equals the severity of any impairment in the Listing of Impairments found in 20 C.F.R., Pt. 404, Subpt. P, App. 1. 20 C.F.R. §§ 416.920(a)(4)(i)–(iii); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). At step three, the severity of a mental impairment is evaluated under the "paragraph B" criteria. 20 C.F.R. Pt. 404, Subpt. P, App.1, 12.00A2b.

The fourth and fifth steps of the analysis depend on the claimant's residual functional capacity (RFC), which the Commissioner assesses after completing the third analytical step. 20 C.F.R. § 416.920(e). A claimant's RFC is the most the claimant can do despite limitations. *Id.* § 416.945(a)(1). The Commissioner determines the claimant's RFC

based on all relevant evidence in the record. SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996).

After assessing the claimant's RFC, the Commissioner proceeds to the fourth and fifth steps of the analysis. At step four, the Commissioner determines whether the claimant can perform his or her past relevant work considering his or her RFC. 20 C.F.R. § 416.920(a)(4)(iv). If so, the claimant is not disabled. *Id.* At step five, the Commissioner bears the burden to show—in light of the claimant's RFC, age, education, and work experience—that suitable work "exists in significant numbers in the national economy." *Id.* §§ 416.920(a)(4)(v), 416.960(c)(2). If suitable work exists in "significant numbers," the claimant's application for supplemental security income is rejected.

**B**

Plaintiff filed a claim for disability benefits (SSI) in October 2020, alleging disability beginning on September 29, 2020. Adm. Rec. at 23.[2] Her application was initially denied on April 6, 2021 and thereafter on July 21, 2021, and at a further oral hearing held January 26, 2022. *Id.* The Appeals Council denied review, meaning Plaintiff has exhausted her administrative appeals and the ALJ's judgment denying disability is the Commissioner's final decision. Doc. 14 at 2.

Plaintiff is in her mid-fifties. Adm. Rec. at 342. She has not engaged in substantial gainful activity since September 29, 2020. Adm. Rec. at 25. She claims this is a result of a combination of conditions including arthritis, hypertension, high cholesterol, a degenerative spine disorder, gout, obesity, and pain. Adm. Rec. at 25–27. At the January 2022 rehearing, Plaintiff testified that "I'll be watching TV and about 15 to 20 minutes after I watch it, I start getting – hurting," and further that her pain continues in intervals no matter what activity (game, books, phone) is undertaken as a distraction. Adm. Rec. at 56. Plaintiff further testified at the hearing that in a previous employment context she had to stand up every 30 to 40 minutes from the stool she was provided as accommodation, and that once she sat down again, she would sit for "maybe 15, 20 minutes." Adm. Rec. at 48. During the hearing she also

---

[2] All citations are to the document and page numbers assigned in the CM/ECF system, except for citations to the Administrative Record (Adm. Rec.), which point to the Administrative Record pagination.

3

testified that her max standing time was five minutes: "5 minutes after I stand up, I start crying." *Id.*

After hearing the evidence, including Plaintiff's testimony, the ALJ denied Plaintiff's disability claim. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. Adm. Rec. at 25. At step two, the ALJ found Plaintiff had obesity and a spine disorder, both of which qualified as severe impairments. *Id.* The ALJ noted that while Plaintiff had also been diagnosed with hypertension, it was not a "severe impairment," as it was "well controlled with medication" and did not cause "more than minimal functional limitation." *Id.* Plaintiff also alleged high cholesterol and gout, but those ailments were not considered severe as there was no "diagnosis" or documentation of "treatment" in the medical record. *Id.* at 26. At step three, the ALJ found that Plaintiff's obesity and spine disorder did not meet or medically equal "the severity of one of the listed impairments" in Subpart B. *Id.* This was for two reasons: first, that "the claimant's representative did not contend that the claimant's impairments meet or medically equal a listing," and second, that the associated symptoms of obesity did not satisfy the medical criteria for a listing, whether "musculoskeletal or cardiovascular." Adm. Rec. at 26.

Given the "entire record," and the noted severe impairments, obesity and a spine disorder, the ALJ determined the following residual functional capacity (RFC):

> Claimant has the residual functional capacity to perform sedentary work … including the ability to lift and carry 10 pounds occasionally and less weight frequently, sit six hours in an eight-hour workday, and stand and/or walk two hours in an eight-hour workday. She can occasionally climb ramps and stairs, but never climb ladders, ropes or scaffolds. She can frequently balance. She can occasionally stoop and kneel but can never crouch and crawl. She needs to avoid more than occasional exposure to concentrated vibration. She cannot work around unprotected heights or hazardous unshielded moving machinery. She would need a cane while moving about the workplace.

Adm. Rec. at 26.

In determining the RFC, the ALJ found that Plaintiff's testimony did not "fully" comport with the medical evidence, particularly in the

4

areas of pain and lower extremity strength. Adm. Rec. at 27. Plaintiff testified to the following: severe pain with standing and sitting, burning pain in her right leg and groin area, a swollen right foot, sleeping up to six hours a day, using a cane, difficulty bathing, lying in a recliner for up to two hours a day, an inability to stand for more than five minutes at a time, and an inability to control her pain using pain medication for more than two hours at a time. *Id.* at 26–27. Yet, as the ALJ pointed out, a January 2020 examination, contemporaneous with the diagnosis of a spine condition, revealed "full strength, reflexes, and sensation of the lower extremities." Adm. Rec. at 27; *see also* Adm. Rec. at 342 (indicating 5/5 strength ratings). Additionally, the ALJ noted that "medications, ice packs and lying down" helped ease the pain Plaintiff reported. *Id.* at 27.

The ALJ determined that the January 2020 examination was largely corroborated by a February 2021 consultative examination. There a state agency physician noted Plaintiff experienced pain relief from "epidurals, chiropractic management and [a] TENS unit," which provided electrical stimulation to her back, and confirmed that Plaintiff had reasonable residual strength. *Id.*; *see also* Adm. Rec. at 320 (motor function is "4/5 strength throughout"). The ALJ concluded that even though Plaintiff could not afford epidurals or physical therapy, the effectiveness of less expensive treatment (ice, medication, lying down), suggested that "claimant's back pain would not prevent her from performing sedentary work with some postural limitations," as indicated in her RFC. *Id.* at 27.

Regarding the finding of obesity, the ALJ determined that "the record does not show that it would prevent [Plaintiff] from performing sedentary work," in part because Plaintiff had been able to work while obese in the past. Adm. Rec. at 27. While state assessments found that Plaintiff could perform light work despite obesity, the ALJ did not find them persuasive because "they did not have the benefit of hearing the claimant's testimony or reviewing evidence that has been submitted since their assessments, which indicate more difficulties with standing and walking." *Id.* Consequently, the ALJ limited Plaintiff to sedentary work only in the RFC, rather than light work.

Still, the record indicated to the reviewing ALJ that Plaintiff was "more physically capable than alleged," despite her diagnosed weight impairment. The ALJ pointed to the fact that Plaintiff attended doctor's appointments by herself, reported to the consultative physician in February 2021 that she could sit for two hours, stand for 30 minutes, and walk for 20 feet, as well as her Function Report where Plaintiff

indicated that she could lift 10 pounds, prepare simple meals, read, play games on her mobile device, and do light household chores like dusting. Adm. Rec. at 28. Additionally, there were "no objective findings in the record" which indicated that it was "medically necessary" that Plaintiff recline for up to two hours a day, as Plaintiff had contended she typically would. Adm. Rec. at 28. In sum, regarding obesity and the diagnosed spinal condition the ALJ found that the impairments could be expected to cause the symptoms Plaintiff alleged but that "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence." *Id.*

Turning to prior administrative medical findings from previous SSI adjudications in 2021 regarding Plaintiff, the ALJ, as required by 20 CFR 404.1520b(c), gave the prior administrative findings no "controlling weight." Adm. Rec. at 28. The ALJ found them, as an evidentiary matter, persuasive only to the extent that they showed Plaintiff was able to perform "some work." *Id.* at 28–29. Contrary to the prior administrative findings, the ALJ noted that Plaintiff's testimony persuasively demonstrated "she can only be on her feet for up to two hours in an 8-hour day and that she uses a cane," which the ALJ accounted for in limiting Plaintiff to sedentary work with use of a cane. *Id.* at 29.

Dr. Debra Outwater's opinions were "not persuasive," in the ALJ's estimation, as they were "inconsistent with the objective findings on imaging" and "physical examinations" of Plaintiff. Adm. Rec. at 29. Moreover, Outwater's determinations appeared to be based on Plaintiff's subjective complaints rather than the medical evidence since Outwater medically diagnosed only back tenderness, trace edema "on one occasion," and antalgic gait. Adm. Rec. at 29. These impairments did not support Outwater's determination that she did not "see [claimant] ever [being] able to return to fulltime work secondary to [a] combination of pain, obesity and anxiety." Adm. Rec. at 341.

At step four, the ALJ determined that Plaintiff had past relevant work as a check cashier. Adm. Rec. at 29. The ALJ found that because check cashier work was primarily sedentary, it did "not require the performance of work-related activities precluded by the claimant's residual functional capacity." *Id.* Since the Plaintiff had past relevant work that could be performed given her RFC, the ALJ determined that Plaintiff had not carried her burden at step four and therefore was not disabled per the terms of 20 CFR 404.1520(f). *Id.* at 30. As such, the ALJ did not reach step five.

### C

Plaintiff's primary claim on appeal is that the ALJ did not "explain how the evidence was inconsistent with [claimant's professed] need to alternate positions every 15 to 20 minutes due to pain." Doc. 12 at 1. A vocational expert testified at the January 2022 hearing that there would be no work available for an individual with such a limitation, Adm. Rec. at 61, which would undermine the ALJ's finding at step four. So, Plaintiff contends, failure to include the limitation was error requiring reversal and remand. Doc. 12.

The Commissioner disagrees. In the Commissioner's view, "[t]he ALJ appropriately explained that Plaintiff's conservative and limited treatment, largely normal physical examination findings, ability to do some activities, and statements to a consultative examiner about her abilities were inconsistent with Plaintiff's claims of disabling pain." Doc. 14 at 1. Accordingly, "Plaintiff's arguments … are nothing more than an improper invitation … to reweigh the evidence." *Id.*

### II

The ALJ appropriately rejected Plaintiff's testimony that she needed to shift positions every 15 to 20 minutes. Substantial evidence in the record supports the proposition that moving around every 15 to 20 minutes was unnecessary. *See Biestek v. Berryhill*, 139 S. Ct. 1148 (2019) (evidence is substantial when it is "adequate" to the reasonable mind and "more than a mere scintilla"). The decision of the Commissioner is therefore affirmed.

### A

As a threshold matter, it is not altogether clear that the RFC and a need to move about every 15 to 20 minutes are inconsistent. Sedentary work involves "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools," and may require "a certain amount of walking and standing … in carrying out job duties." 20 C.F.R. § 404.1567. "[S]itting should generally total approximately 6 hours of an 8–hour workday" in a sedentary role. SSR 83–10; *see Thompson v. Sullivan*, 987 F.2d 1482, 1491 (10th Cir. 1993). The ALJ limited Plaintiff to a sedentary role—that is, work which at most requires two hours of standing. Adm. Rec. at 26. Plaintiff's position is that this limitation and a need to move about every 15 to 20 minutes are inconsistent. Doc. 12 at 9. Yet Plaintiff's limited standing ability suggests that her movement breaks would be short. It

is therefore possible that Plaintiff could both stand every 15 minutes and stand for less than two hours total in an eight-hour workday.

In other words, sedentary work is not necessarily inconsistent with a need to move around frequently. *Jensen v. Barnhart* is an instructive case in this regard. There an ALJ concluded that the claimant was limited to less than a full range of sedentary work since he was unable to "sit more than forty-five to sixty minutes without changing positions," could not "walk more than ten to fifteen minutes at a time," and could only stand less than "two hours during an eight-hour day." 436 F.3d 1163, 1165 (10th Cir. 2005). The *Jensen* claimant was found not disabled because some sedentary jobs existed that allowed him to change positions every forty-five to sixty minutes. *Jensen*, 436 F.3d at 1165.

Plaintiff professed a similar need to move about, and the ALJ in this case imposed a similar functional limit. Of course, Plaintiff's RFC is less restrictive than the one in *Jensen,* here the RFC includes the full range of sedentary work, but the *Jensen* claimant was in a more closely scrutinized category under social security regulations because of his age. *See id.* (finding that claimant was of "advanced age" as defined by federal regulations); 20 C.F.R. § 404.1568(d)(4) (defining "advanced age" as 55 or older); *see also Emory v. Sullivan*, 936 F.2d 1092, 1094 (1991) (noting that the Commissioner has a higher burden to deny those of advanced age disability benefits). The ALJ's burden in this case was lower than in *Jensen*. As a result, the ALJ's decision in this case is congruent with the outcome in *Jensen*: a finding of no disability.

Moreover, even if the RFC and Plaintiff's testimony are inconsistent, inconsistencies warrant explanation only when they are "material." *Preston Lee R. v. Saul*, No. CV 20-1154-JWL, 2021 WL 1840057, at *4 (D. Kan. May 7, 2021). In most legal contexts, something is "material" if it is essential to the disposition of the claim under the "relevant substantive law." *Delsa Brooke Sanderson v. Wyoming Highway Patrol*, 976 F.3d 1164, 1173 (10th Cir. 2020). The only evidence that it is essential for an ALJ to explicitly address according to statutory factors under the five-step sequential analysis is medical evidence. 20 C.F.R. § 416.920c(d) ("[w]e are not required to articulate how we considered evidence from nonmedical sources using the requirements in paragraphs (a) through (c)); *see also Sec. Ruling 16-3p Titles II & XVI: Evaluation of Symptoms in Disability Claims*, SSR 16-3P (S.S.A. Oct. 25, 2017) (evincing a preference for objective medical evidence in that "other" nonmedical evidence is reached only where a decision that is fully favorable based "solely on objective medical evidence" cannot be reached). Plaintiff's personal hearing testimony does not constitute

evidence that warrants an explanation, as it is nonmedical evidence. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) (discussing medical evidence as evidence that is from a medical source and is "supported by medically acceptable clinical and laboratory [] techniques") ; *see also* 20 C.F.R. § 404.1527 (defining medical opinions as "statements from acceptable medical sources"). And, in any case, the ALJ did discuss Plaintiff's testimony generally, and found it did not fully comport with the medical evidence.

Plaintiff points to Outwater's opinions as medical support for her testimony, Doc. 12 at 9, but the ALJ explained that she did not find Outwater's opinion persuasive for two reasons. First, the opinion was based "on the claimant's subjective complaints," rather than the few physical symptoms Outwater noted ("back tenderness, trace edema … and antalgic gait,") and second, Outwater's opinions were "inconsistent with the prior administrative medical findings." Adm. Rec. at 29.[3]

Regardless, substantial evidence supported the ALJ's exclusion of the need to move every 15 to 20 minutes from the RFC. In the ALJ's view, Plaintiff had "not had much treatment for back pain," as the "moderate issues" revealed by objective medical imaging demonstrated no "significant abnormalities to warrant more substantial treatment." Adm. Rec. at 27. Indeed, the most recent imaging showed "facet joint arthropathy in the lower lumbar spine," a form of arthritis, but "vertebral bodies of normal height" and "no definite subluxation

---

[3] Furthermore, Outwater's opinions do not obviously support Plaintiff's testimony. Outwater's December 2020 opinion indicates that Plaintiff could sit "more than 2" hours "at one time" "before needing to stand up." Adm. Rec. at 284. And in the same opinion, in response to the question "[d]oes your patient need a job that permits shifting positions at will from sitting, standing or walking," Outwater answered "No," only to change her opinion later in June 2021. *Id.*; *see also* Adm. Rec. at 338. Plaintiff further relies on the February 2022 appointment, but Outwater's statements from that appointment amount to a recitation of Plaintiff's subjective complaints. Adm. Rec. at 17. That Outwater, the medical professional most supportive of Plaintiff, does not unequivocally support Plaintiff's position undermines the credibility of Plaintiff's nonmedical testimony and helps explain why the ALJ found that "the medical evidence does not fully support the claimant's allegations." Adm. Rec. at 27. *See Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010) ("[c]redibility determinations are peculiarly the province of the finder of fact").

or fracture." Adm. Rec. at 287. Additionally, the ALJ noted that Plaintiff reported to the "consultative physician that she could sit for two hours, stand for 30 minutes, and walk 20 feet," which the ALJ added was "inconsistent with her testimony." *Id.* at 28. Therefore, the ALJ concluded, Plaintiff's pain symptoms, and by implication Plaintiff's reported need to move about every 15 to 20 minutes as a result of pain, were not entirely consistent with the evidence. Adm. Rec. at 28. That is sufficient. The ALJ's opinion pointed to specific evidence and gave reasons based on that evidence. An ALJ need not address every line of a Plaintiff's testimony with a specific corresponding note of agreement or disagreement. *See Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (if the agency's reasoning "may reasonably be discerned" a court may uphold the decision). As such, Plaintiff's argument amounts to an improper request to reweigh the evidence on appeal. *Casias v. Sec'y of Health & Hum. Servs.*, 933 F.2d 799, 800 (10th Cir. 1991); *see also Wilson v. Barnhart*, 87 F. App'x 689, 693 (10th Cir. 2004) ("we may not reweigh the evidence on appeal").

Plaintiff contends that *A.B. v. Saul*, No. 20-1114-SAC, 2020 WL 7714408 (D. Kan. Dec. 29, 2020), supports her position. Doc. 12 at 10. In that case, the ALJ limited analysis to the following statement: "While there is little in the medical records to support [claimant's] allegations, the undersigned has taken into consideration the claimant's subjective complaints regarding her ongoing fatigue and chronic pain and limited the claimant's work to sedentary work." *Id.* at 3. No additional evidence or explanation was provided. Consistent with SSR 16-3p's requirement that ALJs cite specific evidence instead of relying on conclusory statements or bare recitation of statutory factors, the court in *A.B.* reversed the decision of the ALJ.

But *A.B.* is inapposite. Unlike in *A.B.*, the ALJ here listed specific evidence that conflicted with Plaintiff's testimony, explained that the medical support for Plaintiff's testimony was lacking, gave clear reasons as to why the most supportive medical opinion in the record was unpersuasive, and came to a conclusion consistent with the Tenth Circuit's position in a similar case (*Jensen v. Barnhart*, 436 F.3d 1163 (10th Cir. 2005)). That is more than enough to distinguish *A.B.* and demonstrate that substantial evidence supported the ALJ's decision.

Plaintiff makes several additional arguments that suggest the ALJ misinterpreted or inappropriately weighed the facts. First, Plaintiff claims that the ALJ inappropriately focused on isolated normal strength findings in the record while discounting Plaintiff's lack of health insurance and consequent inability to afford anything other than

ice and pain medication as treatment for her spine condition. Doc. 12 at 12. Second, Plaintiff claims that the ALJ was wrong to conclude that Plaintiff could perform sedentary work given her past work while obese because Plaintiff's pain worsened over time and the condition of her spine had deteriorated since her prior employment. Doc. 12 at 14.

These arguments are not persuasive. The ALJ specifically addressed Plaintiff's lack of insurance, finding that even though Plaintiff lacked insurance, less expensive treatment (ice, pain medication, and lying down) provided Plaintiff with the residual ability to perform sedentary work "with some postural limitations." Adm. Rec. at 27. Likewise, the ALJ specifically addressed the fact that Plaintiff had gotten heavier over time and her pain had gotten worse. Adm. Rec. at 27. In consideration of that, the ALJ limited Plaintiff "to sedentary work" and added the new limitation "with the need for use of a cane while moving about the workplace." *Id.* at 28. Since the ALJ considered Plaintiff's factual contentions and addressed them in a manner reasonably consistent with the objective evidence, Plaintiff's claims amount to a request to reweigh the evidence. That is something district courts may not do. *Casias v. Sec'y of Health & Hum. Servs.*, 933 F.2d 799, 800 (10th Cir. 1991); *see also Wilson v. Barnhart*, 87 F. App'x 689, 693 (10th Cir. 2004) ("we may not reweigh the evidence on appeal"). Instead, if the path of the ALJ can be "reasonably" discerned, affirmance is required. *Debra K v. Saul*, No. 19-1150-EFM, 2020 WL 1446864, at *3 (D. Kan. Mar. 25, 2020).

## III

For the foregoing reasons, the Commissioner's final decision is AFFIRMED.

It is so ordered.

Date: October 19, 2023        s/ Toby Crouse
                                                    Toby Crouse
                                                    United States District Judge